UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN TERREROS,<br><br>                  Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant. | Case No. 22-cv-3803 (JMC) |

## MEMORANDUM OPINION

Plaintiff Juan Terreros filed this suit against the United States to seek the return of money seized from him by the Drug Enforcement Administration (DEA). Terreros alleges that the funds were seized illegally and that the DEA proceeded to administratively forfeit his money without providing him proper notice. The Government has moved to dismiss on subject-matter jurisdiction grounds, arguing that the DEA's subsequent rescinding of the forfeiture proceeding and reopening of the period to file a claim rendered Terreros's suit moot. Alternatively, the Government moves to transfer venue. Because the Court agrees with the Government that the DEA's rescinding of the forfeiture and reopening of the claims period rendered the case moot, and this Court otherwise lacks subject-matter jurisdiction over Terreros's claims, the Court will **GRANT** the Government's motion to dismiss. Accordingly, the Government's motion in the alternative to transfer the case to the Eastern District of New York is **DENIED** as moot.

## I.     BACKGROUND

Juan Terreros is a resident of New York. ECF 1 ¶ 4. On November 13, 2020, DEA agents seized $29,000 from him at the San Francisco International Airport. *Id.* ¶ 6. The DEA mailed Terreros a notice informing him of the seizure and the initiation of an administrative forfeiture

proceeding on January 12, 2021. *Id.* ¶ 7; ECF 8-1 at 8–9. The notice stated that Terreros had two paths for contesting the forfeiture. ECF 8-1 at 8–9. First, Terreros could file a petition "for remission or mitigation," which would be reviewed and adjudicated by an official at the Department of Justice. *Id.* at 8. Second, he could have filed a claim to contest the forfeiture, which would have "stop[ped] the administrative forfeiture proceeding" and permitted him to contest the forfeiture in U.S. District Court. *Id.* at 9. The deadline to file a claim, as stated in the letter, was February 16, 2021. *Id.* The DEA also posted a notice on the Forfeiture.gov website, which stated that any potential claimant had until March 26, 2021, to either make a claim or file a petition for remission. *Id.* at 12–13. Terreros did not receive the mailed notice of seizure until February 27, 2021, after the deadline for filing a claim had passed as stated in the mailed notice (but not the deadline as stated on Forfeiture.gov). ECF 1 ¶ 8. Rather than file a claim, he filed a petition for remission on March 10, 2021. *Id.*; ECF 8-1 at 19. No claims were filed by any other persons, and on January 19, 2022—while Terreros's petition for remission was still pending—the DEA administratively forfeited the funds. ECF 8-1 at 6. Then, on October 6, 2022, the DEA denied Terreros's pending petition for remission. *Id.* at 7; ECF 1 ¶ 10.

Terreros then filed this suit in December 2022, seeking return of the funds under Federal Rule of Criminal Procedure 41(g). ECF 1 ¶ 2. He alleged that he did not receive sufficient notice of the forfeiture to file a claim, that his property could not be forfeited under any statute, and that this Court could provide him the equitable relief of return of the funds. *Id.* ¶¶ 3, 11–13. Following Terreros's filing of the lawsuit, the DEA rescinded the initial declaration of forfeiture on February 16, 2023, and simultaneously reopened the administrative forfeiture proceeding, which meant that the period to file a claim was again open from February 16, 2023, to March 23, 2023. *See* ECF 8-1 at 66–68. The notice was sent to Plaintiff's counsel by certified mail and email. *Id.* at 69–72. The

Government then moved to dismiss on subject-matter jurisdiction grounds, arguing that the case was moot because Terreros had received all of the relief that this Court could provide—a setting aside of the procedurally defective forfeiture action for failure to receive proper notice and a new opportunity to file a claim. ECF 8 at 10–11. Terreros opposes the motion. ECF 9.

## II.    LEGAL STANDARD

The Government moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). Article III of the U.S. Constitution prescribes that "[f]ederal courts are courts of limited jurisdiction," and it is generally "presumed that a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a court lacks subject-matter jurisdiction to entertain a claim, it must dismiss that claim. Fed. R. Civ. P. 12(h)(3). "[O]nce jurisdiction is in question, the party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists." *Bronner ex rel. Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020). Under Article III, federal courts also "lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008). "Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* at 3. "Even where litigation poses a live controversy when filed, the mootness doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Columbian Rope Co. v. West*, 142 F.3d 1313, 1316 (D.C. Cir. 1998).

In considering a motion to dismiss for lack of subject-matter jurisdiction, courts are required to "accept as true all of the factual allegations contained in the complaint." *Am. Freedom*

*L. Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016). However, a court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Id.*

## III.   ANALYSIS

The Court finds that it lacks subject-matter jurisdiction over Terreros's challenge to the administrative forfeiture proceedings.

To begin, the Court lacks jurisdiction over Terreros's request for equitable review of the seizure of his money. Terreros frames his claim as one brought under Rule 41(g) of the Federal Rules of Criminal Procedure. ECF 1 ¶ 2; *see id.* ¶ 13. That Rule allows a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to move for its return. Fed. R. Crim. P. 41(g). No criminal charges were filed against Terreros, ECF 1 ¶ 11, and "[a] motion for return of property under Criminal Rule 41(g) that is filed by 'a party against whom no criminal charges have been brought' is" therefore "construed as 'a petition that the district court invoke its civil equitable jurisdiction.'" *Richman v. United States*, 350 F.R.D. 401, 418 (D.D.C. 2025) (quoting *Parrott v. District of Columbia*, No. 21-cv-2930, 2023 WL 2162859, at *10 (D.D.C. Feb. 22, 2023)), *amended*, No. 25-cv-0170, 2025 WL 3718712 (D.D.C. Dec. 23, 2025).

But Terreros's invocation of 41(g) does not suffice to establish jurisdiction in this case, because the "law is well settled, . . . 'that once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property.'" *Ford-Bey v. United States*, No. 19-cv-2039, 2020 WL 32991, at *7 (D.D.C. Jan. 2, 2020) (quoting *United States v. Price*, 914 F.2d 1507, 1508 (D.C. Cir. 1990)), *aff'd*, No. 21-5053, 2021 WL 2525374 (D.C. Cir. June 2, 2021). Instead, "once the Government initiates an administrative forfeiture proceeding," the Plaintiff's remedy is "to challenge forfeiture in the administrative proceeding." *Price*, 914 F.2d

at 1511; *United States v. Barnhardt*, 555 F. Supp. 2d 184, 186 (D.D.C. 2008). That is the case here. The property at issue was the subject of a completed administrative forfeiture proceeding at the time Terreros filed this case. *See* ECF 1 ¶ 7; ECF 8-1 at 6. And even though the DEA rescinded the initial forfeiture proceeding on February 16, 2023, after this lawsuit was filed, it simultaneously issued a new notice of seizure and initiation of administrative forfeiture proceedings. ECF 8-1 at 66–68. Had Terreros wanted to seek judicial review of the merits of the forfeiture action, he would have needed to file a claim as part of the administrative forfeiture process, which would have triggered the Government's obligation to either return the property or file a civil forfeiture action. *See* 18 U.S.C. § 983(a)(3)(A); 28 C.F.R. § 8.10(e); *Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 12 (D.D.C. 2007). Thus, this Court lacks jurisdiction to hear Terreros's challenge to the merits of the forfeiture proceeding. *See Price*, 914 F.2d at 1511; *Wada*, 525 F. Supp. 2d at 12 ("The Court . . . lacked jurisdiction over Plaintiff's challenge to the forfeiture once the administrative proceeding was initiated.").

Of course, Terreros also claims that he was unable to avail himself of this remedy because he did not receive notice in order to file a timely claim in the forfeiture action. ECF 1 ¶¶ 3, 8. Although district courts are limited in addressing the merits of a forfeiture when a party has not filed a claim, Terreros was not entirely out of luck. "Upon completion of an administrative forfeiture, a party may seek to set it aside and reopen forfeiture proceedings." *Ford-Bey*, 2020 WL 32991, at *8. The mechanism for doing so, a motion filed pursuant to 18 U.S.C. § 983(e), allows a party to sue in federal court to "set aside a declaration of forfeiture." However, this remedy provides for only limited review by the district court. "Section 983(e) limits the bases for setting aside an administrative forfeiture to defects in the notice provided to a person with an interest in the property." *Ford-Bey*, 2020 WL 32991, at *8; *see* 18 U.S.C. § 983(e)(1). And even if a court

5

finds that notice was defective, the relief is also limited: The court must set aside the forfeiture, but "without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." 18 U.S.C. § 983(e)(2)(A). Terreros's pleadings are somewhat amorphous on the scope of relief sought, but because his complaint invokes his lack of proper notice to the initial forfeiture and cites § 983(e), the Court construes his complaint as also asking the Court to set aside the declaration of forfeiture under this provision in addition to his Rule 41(g) claim. ECF 1 ¶ 3.

But even if Terreros has brought a request to set aside the forfeiture under § 983(e), the Court still lacks jurisdiction over this claim because it was mooted out by the reopening of the forfeiture proceedings. After Terreros filed this suit, the DEA rescinded the initial forfeiture and reopened the administrative forfeiture proceedings for an additional 35-day period. *See* ECF 8-1 at 66–68. The DEA also provided notice of the reopened forfeiture by mailing the documents via certified mail and emailing the notice to Terreros's counsel. *See* ECF 8-1 at 69–72. In doing so, the DEA provided Terreros the relief able to be provided in a § 983(e) action. A case is moot, as here, where "the court can provide no effective remedy because a party has already obtained all the relief that it has sought." *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013).

Terreros's arguments for why this case remains a live controversy after the DEA reopened the forfeiture proceedings miss the mark. First, he complains about the defects in notice for the initial forfeiture, but has not objected to the sufficiency of the renewed notice sent by the Government for the reopened administrative forfeiture proceeding, which is now the only relevant proceeding for the Court's analysis. ECF 9 at 3. Second, he raises objections to the Government's decision on his remission petition. *Id.* at 4–7. But given that the DEA rescinded the initial

forfeiture, the Court does not find the petition relevant. And even if that petition were relevant to the reopened forfeiture proceeding, the Court would not have jurisdiction to review the decision on his remission petition or issue the relief he requests. *See Patterson v. Haaland*, No. 21-cv-02391, 2022 WL 4534685, at *5 (D.D.C. Sep. 28, 2022) (finding that the Court lacked subject-matter jurisdiction over challenge to forfeiture where only action taken by Plaintiff was to file a petition for remission, rather than to file a claim in the administrative forfeiture proceedings under 18 U.S.C. § 983(a)(2)), *dismissed*, No. 22-5297, 2023 WL 2604280 (D.C. Cir. Mar. 21, 2023); *see also Tourus Recs., Inc. v. Drug Enf't Admin.*, 259 F.3d 731, 735 (D.C. Cir. 2001) ("[C]ases appear to treat the decision to mitigate or remit as an agency action committed to agency discretion by law, a category of administrative decisions to which the judicial review provisions of the APA are inapplicable."); 28 C.F.R. § 9.7(a)(1) (regulations governing remission and mitigation which state that "[w]hether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the ruling official").

Finally, Terreros argues that the case remained live following the reopening of the forfeiture because he still sought to challenge the merits of the forfeiture and seek the return of the $29,000. ECF 9 at 7–8. For the reasons discussed above, the Court lacks jurisdiction over that claim. Terreros objects that requiring him to proceed through the administrative forfeiture process would be onerous or ineffective. He notes that the process of "fil[ing] a claim with [the] DEA on the reopened administrative proceedings" would likely lead to a referral to the U.S. Attorney in San Francisco to file a civil forfeiture action, but claims that "[s]uch a referral could be ignored." *Id.* at 2. He also complains that were such an action filed, his attorney would have to "file a motion *pro hac vice* to participate in the proceeding which would require the affiliation of local counsel to which [the] undersigned counsel has no access." *Id.* at 2–3. None of these objections overcome

the fact that the administrative forfeiture process in significant part "preempt[s] the district court's jurisdiction to review disputes over seized property." *United States v. Barnhardt*, No. 04-cv-0132, 2006 WL 2474224, at *2 (D.D.C. Aug. 25, 2006); *see Price*, 914 F.2d at 1511.

The Court therefore lacks subject-matter jurisdiction over the claims in this case and must dismiss Plaintiff's complaint in its entirety.

*   *   *

For the foregoing reasons, Defendant's motion to dismiss, ECF 8, is **GRANTED**, and the case is **DISMISSED.** As a result, Defendant's request in the alternative to transfer to the Eastern District of New York, ECF 8, is **DENIED** as moot. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 31, 2026